Glenn R. Kantor – State Bar No. 122643
E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Jerry Ragain

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JERRY RAGAIN,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY<br><br>Defendant. | CASE NO:<br><br>COMPLAINT FOR DAMAGES<br><br>(1) DENIAL OF BENEFITS Pursuant to 29 U.S.C. § 1132(a)(1)(b)<br><br>(2) BREACH OF FIDUCIARY DUTY Pursuant to 29 U.S.C. § 1132(a)(3)<br><br>(3) STATUTORY PENALTIES Pursuant to 29 U.S.C. § 1024 |

Plaintiff Jerry Ragain herein sets forth the allegations of his Complaint against Defendant Metropolitan Life Insurance Company ("MetLife").

**PRELIMINARY ALLEGATIONS**

1.  At the time of his death, Roger Ragain ("Mr. Ragain") was a vested participant in a Group Insurance Policy for certain employees of AAA Automobile Club of Southern California ("the Plan").

2.  Plaintiff Jerry Ragain ("Plaintiff") is the primary beneficiary of the Plan and brings this action against Defendant MetLife for damages caused by MetLife's

1
COMPLAINT

breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974 as amended 29 U.S.C. § 1001 *et. seq.* in its administration of the Plan.

3. Automobile Club of Southern California (hereinafter "Auto Club") is a California company with its principal place of business in Costa Mesa, California. The insurance plan at issue was delivered in the State of California.

4. At all times relevant Auto Club served as the Plan administrator under the terms of 29 § 1001 et seq.

5. Under 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

6. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and MetLife resides or is found in this District.

7. Plaintiff is informed and believes that Defendant MetLife has its principal place of business in New York. Defendant is authorized to transact and transacting business in the Southern District of California and can be found in the Southern District of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY DENIAL OF ACCIDENTAL DEATH BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. Plaintiff is eligible for benefits under the Plan.

6. On January 21, 2020, Roger Ragain was found dead at the bottom of a stairwell at his place of employment in St. Louis County, Missouri.

7. Responding paramedics used no life saving measures and pronounced Mr. Ragain dead at the scene.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

8. On or about March 18, 2020, Plaintiff submitted a claim to MetLife for accidental death benefit under the Plan in his capacity as the primary beneficiary.

9. MetLife denied Plaintiff's benefit. The stated reason for the denial was that Mr. Ragain's death was due to natural causes.

10. Plaintiff filed a timely appeal of MetLife's decision to deny benefits.

11. In support of his appeal, Plaintiff submitted an Independent Forensic Pathologist report from board-certified pathologist Dr. Stephen Godfrey.

12. On or about August 18, 2020, MetLife denied Plaintiff's appeal regarding its decision to deny accidental death benefits under the Plan.

13. At all relevant times Plaintiff has been fully complaint with the provisions of the Plan.

14. Plaintiff has exhausted all administrative remedies.

15. MetLife's denial of accidental death benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of its fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

16. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF AGAINST
DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY
FOR BREACH OF FIDUCIARY DUTY PURSUANT TO
29 U.S.C. § 1132(a)(3)**

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18. Defendant breached its ERISA § 404, 29 U.S.C. § 1104 fiduciary duties in administering Plaintiff's accidental death benefits under the Plan in that it:

    (a) Failed to discharge its duties in handling Plaintiff's claim in a careful, skillful, and diligent manner;

    (b) Operated under a conflict of interest due to the fact that it had a financial incentive to deny Plaintiff's accidental death benefit;

(c) Refused to consider the medical evidence presented in support of Plaintiff's claim;

(d) Employed an unfair, incomplete, and biased process designed to create evidence to support a denial of benefits and ignore evidence.

19. Plaintiff has been denied benefits and is now left with a total loss of accidental death benefits, creating such an injustice as to warrant the enforcement of benefits promised under the Plan.

20. MetLife's breach of its fiduciary duties merits the imposition of equitable relief under 29 U.S.C. § 1132(a)(3), including specific performance, equitable estoppel, and surcharge, in order to compensate Plaintiff for the losses he has incurred and for the unjust enrichment MetLife has realized as a result of its wrongful denial.

### THIRD CLAIM FOR RELIEF DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA FOR FAILURE TO PRODUCE PLAN DOCUMENTS IN ACCORDANCE WITH 29 U.S.C. § 1024

21. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22. On May 28, 2020, Counsel for Plaintiff requested any and all plan instruments including summary plan descriptions, policies, certificates of insurance or other plan documents relating to your supplemental accidental death benefits".

23. Defendant Auto Club failed to produce the requested Plan Documents.

24. Per 29 U.S.C. § 1024 Defendant is subject to a daily penalty for failing to produce the requested documents.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    1.    The amount of unpaid benefits, including interest on past due sums;

    2.    Attorneys' fees and costs;

    3.    Any and all available equitable relief;

    4.    The appropriate penalties for failure to produce requested plan documents under 29 U.S.C. § 1024; and

    5.    Any other such relief as the Court deems just and proper under the circumstances.

DATED:    11/01/2022    KANTOR & KANTOR, LLP

By: *Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
Jerry Ragain

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525